**NOT FOR PUBLICATION**

FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANCELLOR WADE, | No. 10-16271 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-01711-GEB-DAD |
| v. | |
| COUNTY OF SACRAMENTO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted August 11, 2011[**]

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

California state prisoner Chancellor Wade appeals pro se from two pre-judgment orders in his 42 U.S.C. § 1983 action alleging that defendants' failure to give him a pork-free diet and offer Islamic religious services while he was a pretrial detainee at the Sacramento County Main Jail violated federal and state

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

laws. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's rulings denying a continuance of summary judgment pending discovery and denying leave to amend. *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (continuance); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (leave to amend). We affirm.

The district court did not abuse its discretion in denying Wade leave to file a third amended complaint to add claims against both existing and voluntarily dismissed defendants based on previously known facts where his case had been pending for two years. *See Johnson*, 356 F.3d at 1077-78 (listing factors upon which leave to amend can be denied); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (no abuse of discretion in denying leave to amend where new facts allegedly learned in discovery were available to plaintiff much earlier).

The district court did not abuse its discretion in declining to amend motion and discovery deadlines in its scheduling order because Wade did not establish that additional discovery would either preclude summary judgment for defendants or warrant summary judgment for him. *See Tatum*, 441 F.3d at 1100-01 (no abuse of discretion in denying continuance where plaintiff failed to show how further discovery would preclude summary judgment). Similarly, the district court did not abuse its discretion in declining to continue defendants' summary judgment motion

because Wade suffered no prejudice when the court instead granted in part his motion to compel discovery and gave him additional time to oppose summary judgment. *Cf. Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (no abuse of discretion in denying trial continuance that caused no prejudice).

To the extent that Wade attempts to challenge summary judgment on his claims for supervisory § 1983 liability and negligence, Wade waived the right to appeal these issues by failing to file timely objections to the magistrate judge's findings and recommendation regarding summary judgment. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 & n.4 (9th Cir. 1991) (failure to object to determinations reviewed de novo is a factor to be weighed in favor of finding waiver on appeal); *cf. also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (appellant who failed to object to magistrate judge's findings and did not raise the issue until reply waived the issue on appeal).

Wade's remaining contentions are unpersuasive.

**AFFIRMED.**